Number 13-4296, Ms. Vassoulis and Ms. Fawcett. Am I pronouncing those correctly? Yes, sir. Yes, sir. Every now and then, I get it right. Oftentimes, it's usually putting the emphasis on the wrong syllable. May it please the Court. Eleni Kasoulis, on behalf of Appellant Mr. Kevin Small. I'd like to say three minutes for rebuttal. Granted. Count three of the superseding indictment is defective, and neither the federal detainer or the judgment of conviction satisfies the custodial requirement of the federal escape statute. And as such, Mr. Small's conviction on count three of the superseding indictment must be vacated. Facts alleged in count three do not constitute custody as a matter of law, no matter how the government phrases it. The detainer is not custody. The judgment of conviction is not custody. And the question in this case is the meaning of custody under Section 751A. I mean, you know, one could argue that this is piling on, but you've got a person who there is a valid detainer that had been put out that says when you're done with him at the state level, give him over to us because there's a federal sentence to be served. And this person goes and forges a judge's signature, giving it to the state authorities with the understanding or the perception given that the federal conviction has been vacated. Your Honor, in this case, this is a case of fraud and forgery. This isn't an escape case. We're not asking that Mr. Small be released. Mr. Small is guilty. He's guilty of the other counts of the indictment. And by dismissing or – But the federal conviction actually still existed, right? Excuse me? The federal conviction was never vacated. Correct, Your Honor. The federal – I don't believe the federal conviction was ever vacated. So that the minute he's released, he's not going to go free for a day or two or any time. He's going to go straight to federal prison, correct? Your Honor, once the federal authorities came to the state prison and assumed custody of him, then he would be in federal custody. And at that point, if he escaped then or freed himself from that federal custody, we would say he may be guilty of federal escape. Maybe we can come up with some common ground. Does custody always require physical restraint? No, Your Honor. Okay, all right. It can be constructive custody. However, our argument is that he was in state custody at the time he absented. He was never in federal custody at the time he absented himself from the state facility because the detainer did not – the detainer doesn't – is in custody. The detainer is merely a mechanism by which you transfer custody from one entity into another. And, in fact, the plain language of the detainer stated that when – prior to the subject's release from your custody, please notify this office so we may assume custody of the subject for service of his federal sentence of imprisonment. So the detainer – the language of the detainer itself assumed that Mr. Small was not in federal custody at the time. And, you know, the detainer doesn't automatically, by operation of law, just transfer a defendant from state custody into federal custody. It's merely an internal mechanism for the process to happen. But we do not believe that there's any language that custody does not mean a detainer does not confer custody. And the issue here, Your Honor, is 751A doesn't define custody. The U.S. Supreme Court has never specifically defined custody in the context of a prosecution under Section 751A. So you need to basically look, I would say, at the plain language, you know, meaning of the statute and at the language of the detainer in this case if you're going to make an argument that the detainer somehow confers custody. Well, what about the case where you got a report, you know, you're convicted, you got a report, and the person decides, I'm not going to report, and doesn't. Goes out on the lam, you know, on a trip to the West or something like that. Your Honor, I would submit that, you know, the failure to report cases are distinguishable. And I would say, you know, I know in this case the government cited to Gowdy. And I know Gowdy has a very similar fact pattern. However, we submit, Your Honor, that Gowdy is flawed in that, you know, the cases that Gowdy cited to were mainly failure to report cases. But in all those cases, like in the Peterson case, in the Keller case, in those cases, after the judgment was handed down, the defendant was specifically advised of a time and place to report. Either in Peterson it was immediately report for custody now. In Keller it was report, you know, by the state. In this case he knew there was a, he had a conviction that would, and the sentence was to be served consecutive. So in this case he knew when his state sentence ended he would be going into federal custody. He tried to avoid it by the actions he took to make it look like the conviction had been vacated. But, Your Honor, I would submit that not his knowledge that at some point he was going to be taken into federal custody is not the same as being in federal custody. And waiting to be transferred into federal custody is not the same. Well, you know, getting a reporting date is not the same as being in federal custody either. Well, I would submit that that does, you know, that it is something that distinguishes those failure to report cases, you know, where the courts have held. Why did Mr. Small engage in that effort to, engage in the forgery of the documents to vacate the conviction? To avoid federal custody. But, Your Honor, I would submit that avoiding federal custody isn't the same as escaping federal custody. Well, what's different in the failure to report situation? I think in the failure to report situations you have a situation. I think it is significant if you're given a specific, if it's more specific and you're given a specific date and time to report without any further action of the court being necessary. What further action was necessary once the detainer was lodged? I think the federal authorities still had to come assume, still had to come and get custody of him. He still would be designated to a federal facility for service of his sentence. And if the conviction had not been vacated, they would have come. But I don't think that in and of itself, you know, that action confers custody. In Keller, one of the things that the court, you know, indicated was that, was that there was no other, no other action by the court that was necessary to effectuate the judgment because he was given a date and time to report. And, in fact, in Keller- Well, what other action by the court was necessary to effectuate custody? Well, I think that in order for him to be in, considered to be in federal custody, you know, I think that there was. I think that the marshals or the federal authorities would have to come actually get him in custody. Well, that's not an action of the court. Isn't the detainer the action that puts him in federal custody? No, Your Honor. I respectfully disagree because I don't think a detainer in and of itself confers custody. And even in Keller- The words in the statute are what? Custody or confinement. So he wasn't confined, but the question is, is there deemed custody? How do you distinguish the Seventh Circuit case in U.S. v. Hart, where it says that failures to report at the end of an authorized period of freedom is an escape? And here you could say he failed to report at the end of an unauthorized period of freedom. Well, Your Honor, I think in Hart, again, there was a date, there was a time, you know, that he was specifically required to be back. Even in Keller, Your Honor, the court- There was a date and time that he was required to be turned over and begin serving his federal sentence. And because of his own prevarication and the things that he did, he was allowed to walk away. And it really was, if you will, an invalid or unauthorized period of freedom. Why is this case any different than Hart? This is actually worse than Hart, isn't it? Your Honor, I would submit not, because I still think, although at some point Mr. Small may have known he would have been taken into federal custody to serve a sentence, there was no- I still think it's distinctive that there was no specific date in mind. Like, it was whenever the state sentence was done, it wasn't like that was ever, you know, that date was ever, you know, a date that was given or a date that was known. That's why a detainer is lodged. That's the whole purpose for the detainer. Correct, Your Honor. It's a matter of comedy. But the detainer itself doesn't transfer custody from the state to the federal authorities. That document does not do that. And the language of the document basically says that. I can't understand it if this was a case where the state messed up and simply released him. But this is a case where he secured his release by forging documents. And, Your Honor, that's why he's guilty of forgery, he's guilty of fraud. So what's the consequence here in any event? He got 60-month concurrent sentences on each count. Would his sentence be affected? Your Honor, no. Presumably it would not be affected because his guidelines, all the charges were grouped and his sentence on the forgery was the highest offense level. So his sentence, his guidelines would not change as a result of this, Your Honor. So it's not like he's going to be benefiting in the sense that he's going to get released from custody and that the district court had a concern that now his writing is taken to freedom by doing this. So if his sentence isn't affected and there's no real practical effect, I don't question why he'd appeal. There is because an escape conviction, Your Honor, although right now, the fact that this case may be escape is sometimes considered a crime of violence. I understand under Chambers in this case it would not be, but the law is ever-changing on that. So this conviction could affect him down the road by virtue of having an escape conviction. Okay. And in addition, it does affect, you know, in the Bureau of Prisons how you're, you know, where you're designated. So it does have the escape conviction in and of itself, given the context of this case would have other collateral consequences. But it would not affect his ultimate sentence, and that's why he's not like the government argues and the district court was concerned about him escaping punishment in his actions, and he's not going to be doing that. And in Keller, you know, there was a period of time between when Keller was sentenced and he was given a turning date, and he was considered to have escaped on the date at, he was supposed to turn himself in on August 10th at 4 o'clock. He was considered to be in escape status at 4.01 on August 10th when he failed to report. So it wasn't that period of time between July 23rd and August 10th when he was sentenced. The court found that reasonable minds can differ over the question as to whether Keller was in custody during those two weeks. So I would submit, Your Honor, that it's not a clear question of, okay, the judgment was handed down. So as soon as he's done in the state, he's automatically in federal custody. And so, you know, I would submit that the judgment in this case in and of itself does not automatically confer federal custody. Can you tell me again what's wrong with the Gowdy opinion, the 11th Circuit one? Your Honor, I think Gowdy is flawed, and I think it applies, you know, the custody too broadly. It has an overbroad definition of custody. And I think we have to be careful about, you know, defining custody in too broad because I think it could have a ripple effect in other areas where custody, like such as time credit issues and things of that nature. If we go out there with a too broad definition of custody, it could affect other areas, you know, of the law that weren't really contemplated by Congress when they drafted the statute. But this is actually, again, worse than Gowdy. Gowdy was where, didn't Mississippi lose the detainer? Yes. So they didn't let him go. They just didn't realize there was a detainer. Here's a case where there was a detainer. It wasn't lost, and the only reason they let him out is that the state was presented with documents. It turns out they were forged documents at the behest of Mr. Small, and they said his federal conviction has been vacated. Why does he get a break for that? Your Honor, in this case, Mr. Small's bad act in engaging in actions that caused the federal detainer to be lifted and him to be released do not automatically confer federal custody where it didn't exist before. Like, we agree, Mr. Small in this case did commit crimes. Those crimes weren't escaped, was not escaped because he was never in federal custody. He's guilty of fraud. He's guilty of forgery. But he's not guilty of escape in his actions and having the detainer lifted and having himself released from custody do not confer custody where it otherwise doesn't exist. Thank you. We'll get you back to rebuttal. Ms. Fawcett. May it please the Court, Christy Fawcett on behalf of the government. I want to begin by clarifying a question that the Court had during the presentation that was made by my colleague, and that is the federal conviction in this case was never vacated. It was a valid conviction. No, I understand that. Okay. That was mentioned at some point during argument. Just why indict on escape here? You've got so many good things. I mean, you've got a lay down hand, as they say in Bridge, and it just seems like it's piling on. Well, the crime, the purpose of all these other offenses he committed, all this other criminal conduct that occurred here, was to affect an escape. And, in fact, he did affect an escape. He committed that criminal activity. And the government's position here is that the indictment set forth the elements of the offense of escape, the facts in support of that, or that would be proven in support of that offense, and that, similarly, the defendant was in federal custody at the time that he escaped, and he was in federal custody in the constructive sense of federal custody. He was subject to the judgment and commitment. He obviously knew he was supposed to be serving a federal sentence at that point, right? Yes. He was in court at the time Chief Judge Conner sentenced him to that sentence of 130. It was set in court, though? It was set in court that it was a consecutive sentence. He was there. Judge Conner told him it was a consecutive sentence. Okay. He was also in court, obviously, at the time of his guilty plea, when the facts that would be proven in support of the case were read by the prosecutor and the elements that had to be proven to support the crime of escape were read. You're asking us, although it's an unreported decision of our court, in Felder, which came out in 2010, which said that the detainer is merely a matter of federal state comedy. So if that case, although it's not presidential, it's hard to say that that case would have found that the person was in custody as a result of a detainer. There is what we have here, though, is we have a judgment and conviction. Isn't conviction your stronger argument? Yes. The detainer operates as a set of instructions to the state court officials, state prison officials, and the federal prison officials as to how this seamless transition, as Judge Prater referred to it, is to be accomplished. The minute that he finished serving his- A state, for example, could say to the federal government, fine, too bad, we're not going to grant you the comedy of turning him over to you. Could they not? I believe they could, yes. But the government's position here, and I want to make this clear, is that the minute that he is finished serving his state sentence, the second he's finished serving his state sentence, then he is constructively or legally in federal custody. The fact that the state prison- So the detainer has nothing to do, is irrelevant, is what you're saying. It is irrelevant. It's not irrelevant, but it's not- It's word analysis anyway. Yes. For purposes of the analysis here, the judgment and conviction that was entered by Judge Conner, that the defendant was present for and heard, and obviously understood, because, of course, that's what prompted him to forge all the documents later on, that is the legal document that makes him in federal custody the minute he is done serving that- or the second that he's done serving that state sentence. If the court were to hold otherwise, and I think this was sort of alluded to in some of the court's prior questions, we would have all sorts of practical problems. The judge who had sentenced the defendant would be required to track that defendant's state prison sentence, and at the conclusion of the state prison sentence would arguably have to issue another order directing the prisoner to show up to begin serving his federal sentence. Let me see if I understand, picking up on Judge Chigares' question. Are you relying still on the claim that a detainer is deemed custody, or are you relying on that a federal conviction is- I am principally relying on the conviction being a custody. That would seem to make more sense, because going back to the Spellberg case, the question there was, when do you bring somebody before a magistrate? When do you have to do it? And you do it when there's an arrest, when they're taken into custody. And the government made the argument there that a detainer is not an arrest, i.e., not bringing into custody, therefore we did not have to bring him before a magistrate. In the position, if you were to take the position now that a detainer is custody, it would seem to be in significant tension with what was stated by one of your colleagues in Fulbright. I think the more appropriate way to describe a detainer is a set of instructions that the state court officials or state prison officials are to be following and the federal prison officials are to be following. Issued as a result of the court process. Yes, issued as a result of the court process. And again, getting back to some of the practical aspects here, there are occasions when a state prisoner finishes serving his state sentence and he is not picked up immediately by the federal officials. The federal officials have car problems or the plane breaks down or whatever. That prisoner is still physically in state custody. He remains in the state prison until he is picked up by the federal officials. But legally and constructively, he is now in federal custody. He is now serving his federal sentence. I wanted to, I think I did mention to the court that the defendant was also, Mr. Small was also in the courtroom, obviously, at the time of his guilty plea. At the time of the guilty plea, the facts in support of the offense of escape were placed on the record, including the fact that he was in federal custody, placed on the record by the prosecutor and the elements of the offense of escape, as well as the elements of all the other offenses that applied, were placed on the record, including the fact of federal custody. And the defendant agreed to those facts and those elements. I, the government would contend here that there is no distinction between this case and the Gowdy case, which is the 11th Circuit case that was referred to previously. In that case, the defendant was in state custody. There was a written. It almost sounds like Gowdy, because the state lost it, they didn't comply with the instructions. So why is the consequence of that being visited on the defendant? Well, in Gowdy, if I recall, actually, I think our case is a better case than Gowdy. That's what I said to your opponent, but it would be. I mean, speaking only for myself, I probably wouldn't be willing to go quite as far as Gowdy would, at least as to a detainer that was lost for some of the reasons that we've talked about. Yes. Yes, the state lost a detainer in the Gowdy case. On the other hand, in the Gowdy case, as I recall, the federal marshal told Gowdy that he had to come and start serving his sentence, and he didn't show up. There, you maybe still could rely on the fact that there is a federal conviction that hasn't been vacated. Right. And in our case, of course, we obviously, and I'm repeating myself to a certain extent here, but we know that he knew that he was to begin serving this federal sentence. It was a lawful judgment and conviction entered by the district court judge, and he set about to accomplish what would prevent him from having to serve this consecutive sentence. Thank you. No further questions. Thank you. Ms. Kosoulis. Your Honor, one of the things counsel mentioned was that Mr. Small affected his escape because, you know, he absented himself from custody. However, if he was to- Well, the purpose of what he did was, in effect, not begin serving his federal sentence, and if that isn't escaping from the consequences of the federal conviction, what is? Well, Your Honor, I would, again, submit that avoiding being taken into custody is different than escaping from federal custody, and in order, you can't really put the cart before the horse. Before you can be deemed to have escaped from federal custody, you actually have to be found to have been in federal custody. And counsel had, you know, so we still stand by the position, Your Honor, that a judge- I think part of the problem we all have with this and the concern that exists, most of us think of escape as trying to flee confinement, get out of confinement through, we call it, an escape. But the statute says custody or confinement, and then the question becomes, is the fact that he was convicted federally and that there was an instruction or request given to the state that he has a federal conviction and that what he did was for the purpose of not showing up for the time- to serve his time after he got out of the state prison, why isn't that deemed custody? And obviously a significantly more egregious case than what Gowdy was in the 11th Circuit. Well, Your Honor, because I think until- I don't think the judgment in and of itself confers custody. If that were the case and he was considered to be in federal custody at the time the judgment was handed down, then he would presumably be earning time credit during that time period. Even when he gets to the state and he's waiting to get picked up- when he finishes his state sentence and he's waiting to get picked up by federal authorities, a lot of times he's not automatically given credit from the time his state sentence was done until the time the federal government- But if he's in custody, he does receive that credit. He receives it, but many times it's not necessarily automatic. There's some extra step he has to take. If he was deemed to be in custody, I would assume that as a matter of law, it would just automatically start. And it doesn't always work that way. Many times a defendant has to himself petition to get that. Eventually he will get it. And there are also instances where if someone's in custody- in this case they were in state custody and there's a judgment, there's the detainer, and let's say Mr. Small finishes federal sentence, they contacted the federal authorities to come get him. And at some point the federal authorities didn't come get him. There are many instances where one entity is holding a prisoner for another entity. That entity doesn't come pick them up. That first entity eventually will release them. And that entity doesn't necessarily contact the entity that wants them and says, hey, we're going to release them. If that defendant was in the custody of that entity that wanted them, then it would stand to reason that that entity would have to get permission before releasing the person. And again, Your Honor, I would just like to emphasize that we're not disagreeing. We're all in agreement that Mr. Small did this himself and that he committed a very bad act and that his actions is what caused him perhaps to be released from state custody when he shouldn't have been. But it still doesn't confer. Mr. Small's bad act does not confer custody where it otherwise doesn't exist. He's guilty of the other offenses, but he's not guilty of escape because the government failed to- include it in the indictment and the indictment is insufficient on that. Thank you very much. Thank you to both of the counsel. Very well presented arguments. We'll take the matter under wrap.